THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00148-MR

| | |
|---|---|
| DENA WILKIE GRAHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Remand [Doc. 10], the Plaintiff's Motion for Summary Judgment [Doc. 12], and the Defendant's Motion for Summary Judgment [Doc. 16].

## I. PROCEDURAL HISTORY

The Plaintiff, Dena Wilkie Graham ("Plaintiff"), filed applications for disability insurance benefits under Title II of the Social Security Act (the "Act") and supplemental security income under Title XVI of the Act, alleging an onset date of October 14, 2013. [Transcript ("T.") at 239, 254]. The Plaintiff's applications were denied initially and upon reconsideration. [T. at 114, 123, 131]. Upon Plaintiff's request, a hearing was held on May 16, 2017 before an Administrative Law Judge ("ALJ"). [T. at 35-59]. On July 14, 2017, the

ALJ issued a written decision denying the Plaintiff benefits, finding that the Plaintiff was not disabled within the meaning of the Act since the alleged onset date October 14, 2013. [T. at 10-26]. The Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. at 1-6]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla

of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).

## III.　THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability.

20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular

4

and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. SSR 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering her burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits. In this case, the ALJ rendered a determination adverse to the Plaintiff at the fifth step.

5

## IV. THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since her alleged onset date, October 14, 2013. [T. at 15]. At step two, the ALJ found that the Plaintiff has severe impairments including degenerative disc disease, obesity, affect disorder, anxiety disorder, and personality disorder. [Id.]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [T. at 16]. The ALJ then determined that the Plaintiff, notwithstanding her impairments, has the RFC:

> [T]o perform light work (lift, carry, push, or pull 20 pounds occasionally and 10 pounds frequently; stand or walk 6 hours in an 8-hour workday; and sit 6 hours in an 8-hour workday), as defined in 20 CFR 404.1567(b) and 416.967(b) except with the following limitations: frequently climb ramp/stairs; occasionally climb ladder/rope/scaffolds; frequently balance, stoop, kneel, crouch, and crawl; have no exposure to hazards, such as unprotected heights and dangerous moving machinery; perform simple, routine tasks with time off task accommodated by normal breaks; have occasional contact with supervisors, coworkers, and the public; and is able to tolerate few changes in the routine work setting.

[T. at 18].

At step four, the ALJ identified Plaintiff's past relevant work in data entry and as a bobbin machine operator. [T. at 24]. The ALJ observed, however, that the Plaintiff is "unable to perform any past relevant work." [Id.].

At step five, based upon the testimony of the VE, the ALJ concluded that, considering Plaintiff's age, education, work experience, and RFC, Plaintiff is capable of performing other jobs that exist in significant numbers in the national economy, including marker pricer, assembler, and packer. [T. at 25]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Social Security Act from October 14, 2013, the alleged onset date, through July 19, 2017, the date of the ALJ's decision. [T. at 26].

## V. DISCUSSION[1]

### A. Motion to Remand

On the same day as the filing of her Motion for Summary Judgment, and four months after filing this appeal, Plaintiff filed a separate "Motion for Remand." [Doc. 10].

Plaintiff argues that her case must be remanded based on the Supreme Court's reasoning in Lucia v. SEC, 138 S. Ct. 2044, 201 L.Ed.2d 464 (2018). [See Docs. 10, 13, 15]. The thrust of the Plaintiff's argument appears to be that the process for appointing ALJs to adjudicate Social Security claims is not in compliance with the Appointments Clause of the Constitution, Article II, Section 2. Plaintiff therefore concludes that she is

---

[1] Rather than set forth the relevant facts in a separate section, the Court has incorporated the relevant facts into its legal analysis.

entitled to a new hearing before a properly appointed officer, once such officer can be installed. [Doc. 16 at 2-3]. In Lucia the Supreme Court held that the ALJs of the Securities and Exchange Commission, by the nature of their duties, are "Officer[s] of the United States," and therefore must be nominated by the President and confirmed by the Senate, or otherwise installed consistent with the Appointments Clause. 138 S. Ct. at 2055. Plaintiff asserts (with little explanation) that the holding in Lucia applies equally to Social Security ALJs.

In Lucia, however, the Supreme Court held that "*one who makes a timely challenge* to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief." 138 S. Ct. at 2055 (quoting Ryder v. United States, 515 U.S. 177, 182–183, 115 S.Ct. 2031, 132 L.Ed.2d 136 (1995)) (emphasis added). In that case, the plaintiff timely contested the validity of the ALJ's appointment by raising the challenge before the Securities and Exchange Commission, as well as in the Court of Appeals and the Supreme Court. Id. In the present case, however, Plaintiff has forfeited this issue by failing to raise it during her administrative proceedings. See Garrison v. Berryhill, No. 1:17-cv-00302-FDW, 2018 WL 4924554 (W.D.N.C. Oct. 10, 2018) (citing Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999)). For these reasons, the Court will deny Plaintiff's Motion to

Remand [Doc. 10] and will address the arguments made by the parties in their summary judgment motions.

### B. Motion for Summary Judgment

The Plaintiff argues that the ALJ "failed to properly assess the Plaintiff's vocational limitations as required by ruling case law." [Doc. 13 at 12]. After asserting this assignment of error, the Plaintiff does not proceed to articulate any analysis or meaningful legal arguments in support thereof. Instead, the Plaintiff makes numerous conclusory assertions of error that do not appear to relate directly to the assignment of error identified.

Members of the Social Security bar, including the Plaintiff's counsel, have been warned repeatedly that this Court will consider only those legal arguments properly set forth in a separate assignment of error. See, e.g., Shipman v. Berryhill, No. 1:17-CV-00309-MR, 2019 WL 281313, at *4 (W.D.N.C. Jan. 22, 2019) (Reidinger, J.); Sneden v. Berryhill, No. 1:17-CV-00030-MR, 2018 WL 1385790, at *3 (W.D.N.C. Mar. 19, 2018) (Reidinger, J.); Curry v. Berryhill, No. 1:16-CV-00388-MR, 2018 WL 1277746, at *4 (W.D.N.C. Mar. 12, 2018) (Reidinger, J.); Powell v. Berryhill, No. 1:16-CV-00268-MR, 2017 WL 4354738 at *2 (W.D.N.C. Sept. 29, 2017) (Reidinger, J.); Sanders v. Berryhill, No. 1:16cv236, 2017 WL 3083730, at *3 (W.D.N.C. June 12, 2017) (Howell, Mag. J.), adopted by, 2017 WL 3083261 (W.D.N.C.

July 19, 2017); Mason v. Berryhill, No. 1:16cv148, 2017 WL 2664211, at *4 (W.D.N.C. May 30, 2017) (Howell, Mag. J.), adopted by, 2017 WL 2662987 (W.D.N.C. June 20, 2017); Demag v. Berryhill, No. 1:15-CV-00229-MR, 2017 WL 927258, at *5 n.5 (W.D.N.C. Mar. 8, 2017) (Reidinger, J.); Woods v. Colvin, No. 1:16cv58, 2017 WL 1196467, at *4 n.2 (W.D.N.C. Feb. 8, 2017) (Howell, Mag. J.) (collecting cases), adopted by, 2017 WL 1190920 (W.D.N.C. Mar. 29, 2017); Armstrong v. Colvin, No. 5:15cv110, 2016 WL 7200058, at *3 n.2 (W.D.N.C. Sept. 2, 2016) (Howell, Mag. J.), adopted by, 2016 WL 6652455 (W.D.N.C. Nov. 9, 2016); McClellan v. Astrue, No. 1:12-CV-00255-MR-DLH, 2013 WL 5786839, at *3 n.2 (W.D.N.C. Oct. 28, 2013) (Reidinger, J.) (adopting Memorandum and Recommendation of Howell, Mag. J.). Accordingly, to the extent that the Plaintiff attempts to weave any other legal arguments or errors into her sole assignment of error, the Court disregards those arguments.[2]

---

[2] Plaintiff's argument based on Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), is completely off the mark. In Mascio, the Fourth Circuit held that "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." Id. at 638 (citation and internal quotation marks omitted). Here, however, the ALJ's findings did not simply limit Plaintiff to simple, routine tasks, or unskilled work. Rather, the ALJ's findings provided specific restrictions with respect to Plaintiff's impairments and vocational limitations, discussed the evidence of record and inconsistencies at length, and made credibility determinations. [See T. at 15-26]. In so finding, the ALJ sufficiently explained his determinations, which are supported by substantial evidence in the record. [Id.]. As such, Mascio is simply not applicable to this case.

Though it is far from clear, in arguing that the ALJ "failed to properly assess the Plaintiff's vocational limitations," Plaintiff appears to be asserting that the ALJ failed to correctly assess what jobs may be available to Plaintiff, given her RFC. In order to answer this question, the ALJ sought the opinion of the VE.[3] In questioning a VE, an ALJ must pose hypothetical questions that are based upon a consideration of all relevant evidence of record regarding the claimant's impairment. See Johnson v. Barnhart, 434 F.3d 650, 659 (4th Cir. 2005); English v. Shalala, 10 F.3d 1080, 1085 (4th Cir. 1993).

Here, the ALJ presented the following hypothetical to the VE:

> [A]ssume a hypothetical individual of the Claimant's age and education, with the past work. For the past work, I just want you to consider the data entry and the bobbin machine operator. And I want you to further assume for this hypothetical that the individual is limited to the light exertional level, frequent climbing of ramps and stairs, occasional climbing of ladders, ropes or scaffolds, frequent balancing, stooping, kneeling, crouching and crawling, no hazards, such as unprotected heights or dangerous moving machinery. Further limited to simple, routine

---

[3] Curiously, at the beginning of her argument regarding her first assignment of error, the Plaintiff presents quotes from the transcript of the testimony from the Plaintiff and the Plaintiff's mother concerning the Plaintiff's mental health. [Doc. 13 at 12-4]. Plaintiff, however, then abruptly transitions to her argument regarding the VE and never again picks up the thread of the mental health issues. Plaintiff does not even mention the application of the "special technique" of 20 CFR §§ 404.1520a, 416.920a, much less assign error regarding such issue. Such a haphazard, stream-of-consciousness brief is difficult to follow and avails the Plaintiff nothing for want of any clearly articulated assignments of error.

> tasks, time off task would be accommodated by normal breaks, occasional interaction with supervisors, coworkers and the public, able to tolerate few changes in the routine work setting … Could the hypothetical individual do either of the two past jobs I asked you to consider?

[T. at 54-5]. The VE responded in the negative, indicating that the Plaintiff would not be able to perform her past work in data entry or as a bobbin machine operator. [T. at 55]. The ALJ then asked, "[c]ould the hypothetical individual perform other work, and if so, could you give me a few examples with numbers of jobs for each occupation?" [Id.]. The VE responded in the affirmative, indicating that the following jobs would be available: marker pricer (1,900,000 jobs in the United States economy); assembler (240,000 jobs in the United States economy); and packer (700,000 jobs in the United States economy). [Id.].

The ALJ then posed a second hypothetical with the same limitations except at the sedentary exertional level and limiting the Plaintiff: to occasional climbing of ramps and stairs, never climbing ladders, ropes or scaffolds, occasional balancing, stooping, kneeling, crouching, and never crawling. [T. at 55-6]. The VE responded that an individual with such limitations could still perform work, indicating that the following jobs would be available: assembler (200,000 jobs in the United States economy); sorter

(500,000 jobs in the United States economy); and finisher (200,000 jobs in the United States economy). [Id.].

The first hypothetical posed by the ALJ properly sets forth each of the limitations identified by the ALJ in the RFC. The VE in turn responded that there were still jobs in substantial numbers in the national economy that a person with those limitations could perform. The Plaintiff has not identified any specific limitation that is supported by the record but that was not addressed in the RFC. Further, the Plaintiff does not contend that the VE's testimony in response to the ALJ's hypothetical was in any way erroneous. For these reasons, the Court concludes that the ALJ did not err in his evaluation of the VE's testimony.

For these reasons, the Plaintiff's assignment of error is without merit.

## O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Remand [Doc. 10] and Motion for Summary Judgment [Doc. 12] are **DENIED**; the Defendant's Motion for Summary Judgment [Doc. 16] is **GRANTED**; the decision of the Commissioner is **AFFIRMED**; and this case is hereby **DISMISSED**. A judgment shall be entered contemporaneously herewith.

**IT IS SO ORDERED.**

Signed: August 6, 2019

Martin Reidinger
United States District Judge